RICHARD P. SYBERT (SBN: 080731)
rsybert@gordonrees.com
HAZEL MAE B. PANGAN (SBN: 272657)
hpangan@gordonrees.com
PATRICK J. MULKERN (SBN: 307272)
pmulkern@gordonrees.com
GORDON & REES LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Defendants Henny Den Uijl; Sandra Den Uijl; Obesity Research Institute, LLC; Continuity Products, LLC; National Weight Loss Institute, LLC; Zodiac Foundation, LLC; and Innotrac Corp. (now known as Radial South, L.P. f/k/a Innotrac L.P.)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BOZIC, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HENNY DEN UIJL an individual; SANDRA DEN UIJL, an individual; BRYAN CORLETT, an individual; OBESITY RESEARCH INSTITUTE, a California Limited Liability Company; CONTINUITY PRODUCTS, a Delaware Limited Liability Company; NATIONAL WEIGHT LOSS INSTITUTE, a California Limited Liability Company; ZODIAC FOUNDATION, a California Limited Liability Company; CONVERSION SYSTEMS, a California Limited Liability Company; INNOTRAC CORPORATION, a Georgia corporation,<br><br>Defendants. | CASE NO. 3:16-cv-00733-BAS-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY, OR IN THE ALTERNATIVE, TRANSFER ACTION**<br><br>Judge: Hon. Cynthia A. Bashant<br>Courtroom: 4B<br>Hearing Date: August 29, 2016<br><br>Complaint filed: March 29, 2016<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ................................................................. 1

II.   FACTUAL BACKGROUND ................................................. 3

    A.    Summary of Plaintiff's Allegations ..................................... 3

    B.    Summary of Duplicative Pending Actions .......................... 4

        1.    *Duran v. Obesity Research Institute, LLC, et al.* ....... 4

        2.    *Fernandez v. Obesity Research Institute, LLC, et al.* ... 6

    C.    Summary of Pending Motions .......................................... 7

III.  ARGUMENT ....................................................................... 8

    A.    A Stay Is Warranted in This Action .................................... 8

        1.    Pendency of a Related State Action Dictates a Stay of this Action ....................................................... 8

            a.    *Duran* and the Present Action are "Substantially Similar" ............................... 9

            b.    The *Duran* Court First Acquired Jurisdiction ............... 10

            c.    A Stay Will Help Avoid Piecemeal Litigation .............. 11

            d.    State Law Provides the Primary Basis for a Decision on the Merits and *Duran* is Adequate to Protect the Plaintiff's Rights ......................... 12

        2.    General Concerns of Judicial Economy Counsel a Stay ......... 12

            a.    No Damage Will Result from Granting a Stay .............. 13

            b.    Defendants Will Suffer Significant Hardship If Required to Go Forward ....................................... 14

            c.    Orderly Course of Justice Counsels in Favor of Stay to Simplify Issues, Proof, and Questions of Law ....................................................... 15

    B.    Alternatively, the First-Filed Rule Counsels the Transfer of this Action to the E.D. Cal. for Consolidation with *Fernandez* ............... 16

IV.   CONCLUSION ................................................................... 18

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Defendants' Memorandum of Points and Authorities ISO Motion to Stay, or In the Alternative, Transfer Action         Case No. 3:16-cv-00733-BAS-MDD

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*40235 Washington Street Corp. v. Lusardi*,
  976 F.2d 587 (9th Cir. 1992) ................................................................12

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
  946 F.2d 622 (9th Cir. 1991) ................................................................17

*Am. Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*,
  843 F.2d 1253 (9th Cir. 1988) ..............................................................11

*ASIS Internet Servs. v. Member Source Media, LLC*,
  No. C-08-1321, 2008 U.S. Dist. LEXIS 109241 (N.D. Cal. 2008)......................13

*Barapind v. Reno*,
  225 F.3d 1100 (9th Cir. 2009) .........................................................15, 17

*Breault v. Folino*,
  No. 5A CV 01-0826, 2002 U.S. Dist. LEXIS 25587
  (C.D. Cal. Mar. 15, 2002) ....................................................................16

*Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*,
  No. 06-cv-1848, 2006 U.S. Dist. LEXIS 85598
  (S.D. Cal. Nov. 21, 2006) ....................................................................17

*Bushansky v. Armacost*,
  No. C 12-01597, 2012 U.S. Dist. LEXIS 112315
  (N.D. Cal. Aug. 9, 2012) .....................................................................11

*Castelan v. Campbell*,
  No. 06-cv-1906, 2009 U.S. Dist. LEXIS 40482
  (E.D. Cal. Apr. 28, 2009) .....................................................................13

*Christensen v. Cardtronics USA, Inc.*,
  No. 11-cv-0236, 2011 U.S. Dist. LEXIS 42651
  (S.D. Cal. Apr. 20, 2011) .....................................................................14

*City and Cnty. of San Francisco v. United States*,
  930 F. Supp. 1348 (N.D. Cal. 1996) ......................................................12

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ................................................................13

*Coalition for Clean Air v. VWR Intern., LLC*,
  922 F. Supp. 2d 1089 (E.D. Cal. 2013) ..................................................11

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976)....................................................................2, 8, 9, 10, 12

*El Centro Foods, Inc. v. Nazarian*,
  No. cv-09-6395, 2010 U.S. Dist. LEXIS 49745
  (C.D. Cal. Apr. 21, 2010) ......................................................................9

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-ii-

**TABLE OF AUTHORITIES**

**PAGE**

*FormFactor, Inc. v. Micronics Japan Co., Ltd.,*
  No. cv-06-7159, 2008 U.S. Dist. LEXIS 13114
  (N.D. Cal. Feb. 11, 2008) ...................................................................14

*Gong-Chun v. Aetna, Inc.,*
  No. 09-cv-1995, 2010 U.S. Dist. LEXIS 56938
  (E.D. Cal. May 17, 2010) ............................................................14, 15

*Kaltwasser v. Cingular Wireless LLC,*
  No. C 07-00411, 2010 U.S. Dist. LEXIS 78644
  (N.D. Cal. June 21, 2010) ...................................................................12

*Landis v. North American Co.*
  299 U.S. 248 (1936).............................................................12, 13, 15

*Lecor, Inc. v. United States Dist. Ct.,*
  502 F.2d 104 (9th Cir. 1974) ..............................................................16

*Levya v. Certified Grocers of Cal., Ltd.,*
  593 F.2d 857 (9th Cir. 1979) ..............................................................15

*Lockyer v. Mirant Corp.,*
  398 F.3d 1098 (9th Cir. 2005) ............................................................13

*Mediterranean Enters., Inc. v. Ssangyong Corp.,*
  708 F.2d 1458 (9th Cir. 1983) ............................................................15

*Mirin v. Nevada ex rel. Public Serv. Comm'n,*
  547 F.2d 91 (9th Cir. 1976) ................................................................16

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,*
  460 U.S. 1 (1983)............................................................................8, 10

*Nakash v. Marciano,*
  882 F.2d 1411 (9th Cir. 1989) .................................................8, 10, 12

*Negotiated Data Sol'ns, LLC v. Dell Inc.,*
  No. CV-03-5755, 2008 U.S. Dist. LEXIS 77229
  (N.D. Cal. Sept. 16, 2008) ...........................................................13, 14

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
  678 F.2d 93 (9th Cir. 1982) ................................................................17

*R.R. Street & Co., Inc. v. Transport Ins. Co.,*
  656 F.3d 966 (9th Cir. 2011) ..............................................................10

*Rounds v. Sisto,*
  No. 07-cv-1670, 2009 U.S. Dist. LEXIS 43015
  (E.D. Cal. May 11, 2009) ...................................................................13

*Sabbag v. Cinnamon,*
  No. 10-cv-2735, 2010 U.S. Dist. LEXIS 131086
  (N.D. Cal. 2010) ...................................................................................9

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-iii-

# TABLE OF AUTHORITIES

**PAGE**

*Sequoia Forestkeeper v. United States Forest Servs.*,
No. CV F 07-1690, 2008 U.S. Dist. LEXIS 40922
(E.D. Cal. May 21, 2008) ....................................................................15

*Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*,
896 F. Supp. 973 (N.D. Cal. 1995)......................................................10

*Valasquez v. Horel*,
No. 06-cv-2618, 2009 U.S. Dist. LEXIS 69808
(E.D. Cal. July 28, 2009)......................................................................14

*Valerio v. Boise Cascade Corp.*,
80 F.R.D. 626 (N.D. Cal. 1978) ...........................................................16

**Rules**

Civil Local Rule 40.1......................................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101**

Defendants' Memorandum of Points and Authorities ISO Motion to Stay,
or In the Alternative, Transfer Action          Case No. 3:16-cv-00733-BAS-MDD

Defendants Henny den Uijl; Sandra den Uijl; Obesity Research Institute, LLC ("ORI"); Continuity Products, LLC ("Continuity"); National Weight Loss Institute, LLC; Zodiac Foundation, LLC; and Innotrac Corp. (now known as Radial South, L.P. f/k/a Innotrac L.P.) ("Innotrac") (collectively, "Defendants"), hereby respectfully submit the follow Memorandum of Points and Authorities in support of their Motion to Stay, or in the alternative, to Transfer this Action.

## I.    INTRODUCTION

This putative class action, arising out of alleged misrepresentations and false statements made in connection with the advertising and sale of a weight loss product known as Lipozene, is beset with both procedural and substantive defects as outlined in Defendants' pending Motion to Dismiss.  *See* ECF No. 21-1.  Those deficiencies and that motion notwithstanding, Plaintiff has chosen to forge on, filing a Motion for Preliminary Injunction and Order to Show Cause (ECF No. 17), and a premature Motion to Certify the Class and for the Appointment of Class Counsel (ECF No. 28) in an apparent race to have her counsel be appointed class counsel in the midst of concurrent and overlapping claims in multiple other pending putative class actions.  If not for Defendants' *Ex Parte* Application to Stay Class Certification Proceedings, which this Court granted over Plaintiff's opposition (ECF No. 31, 33-34), Plaintiff would undoubtedly continue in her unjustified litigation pace to try to beat out the other putative class plaintiffs and their respective counsel in their prosecution of overlapping putative class claims in the prior-filed actions.

The duplication of claims in this case presents significant harm to Defendants, who, if this case proceeds, will be forced to litigate the same claims in multiple fora, at substantial cost and a waste of the parties' and this Court's resources, and with the risk of inconsistent rulings affecting not only the parties to this action but potentially numerous others in light of the class nature of this and the other pending parallel putative class actions.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1    Specifically, a pending action in San Diego Superior Court—*Duran v.*

2  *Obesity Research Institute, LLC, et al.*—contains overlapping claims, predicated

3  on overlapping conduct, on behalf of overlapping classes, against overlapping

4  defendants.  Moreover, the *Duran* case is far more procedurally advanced, with

5  discovery exchanged between the parties, and a prior settlement reached and

6  remanded down by the California Court of Appeal to the trial court to address

7  certain issues with the settlement and class notice.  In view of both the doctrine set

8  forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800,

9  818-19 (1976), which prescribes deference to first-filed state court proceedings,

10  together with this Court's inherent discretion to control its own docket, a complete

11  stay is appropriate to further the interests of judicial economy.

12    Indeed, without a stay, the parties and this Court will unnecessarily incur

13  duplicative litigation costs related to pursuing the same claims in at least two

14  different fora, including holding duplicative hearings, filing duplicative motions,

15  and engaging in duplicative discovery—all of which inflict hardship and inequity

16  to the Defendants.  Moreover, this Court runs the risk of issuing inconsistent

17  rulings on substantially similar issues as those currently being decided in *Duran.*

18    But *Duran* is not the only pending parallel putative class action.  Another

19  case, *Fernandez v. Obesity Research Institute, LLC, et al.*, filed in 2013 in the U.S.

20  District Court for the Eastern District of California and asserting the same

21  advertising-based product efficacy claims as this case, is pending before Chief

22  Judge Morrison C. England, who ordered the matter stayed pending the resolution

23  of *Duran*.  Thus, the instant case cannot go forward given not only the pendency of

24  *Duran* but also *Fernandez*.   Thus, in the alternative to a stay, transfer and

25  consolidation of this action with *Fernandez* is warranted under the first-to-file rule

26  and given the virtual identity of the class claims between the cases, on behalf of a

27  similar class, against overlapping Defendants, including those who are parties here.

28  Therefore, judicial economy and prevailing law on duplicative proceedings dictate

-2-

that if this case is not stayed, it should be transferred to the Eastern District of California, where *Fernandez* is pending.

## II.    FACTUAL BACKGROUND

### A.    Summary of Plaintiff's Allegations

In her complaint, Plaintiff alleges nine claims relating to alleged misrepresentations and purportedly false statements made in connection with the advertising, marketing, and sale of Defendant ORI's weight loss product, Lipozene.  *See* Complaint, ECF No. 1, ¶ 6.  Specifically, Plaintiff asserts claims for: (1) declaratory judgment of putative class' rights under a 2005 Stipulated Judgment between the Federal Trade Commission ("FTC") and Defendants Henny den Uijl, ORI, and Bryan Corlett (and other defendants who are not parties to this case); (2) intentional misrepresentation, fraud, and deceit under Cal. Civ. Code § 1710; (3) negligent misrepresentation under Cal. Civ. Code § 1710; (4) quasi-contract/unjust enrichment under California common law; (5) unfair competition under Cal. Bus. & Prof. Code § 17200; (6) violations under the California Consumer Legal Remedies Act ("CLRA"), Cal Civ. Code § 1750; (7) false advertising under Cal. Bus. & Prof. Code § 17500; (8) breach of express warranty under Cal. Comm. Code § 2313; and (9) breach of implied warranty of merchantability under Cal. Comm. Code § 2313.  *See generally id.*

Despite the numerous claims, the gravamen of each is that Defendants allegedly made false or unsubstantiated statements and misrepresentations about the efficacy and characteristics of Lipozene in connection with the product's advertising, marketing, and sale.  Plaintiff's claims are based on statements made in connection with Lipozene's packaging, as well as online and television marketing, advertisements, and testimonials, including the following:

- "Clinically Proven"
- "Lose Weight Without Diet and Exercise"
- "Clinical Study Proves: 78% of weight lost is pure body fat"

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

- "Helps Reduce Weight"
- "Helps Reduce Body Fat"
- "In a double blind study, not only did participants lose weight but 78% of each pound lost was pure body fat!"

*Id.* at ¶¶ 3-5, 74-85.

## B.    Summary of Duplicative Pending Actions

### 1.    <u>Duran v. Obesity Research Institute, LLC, et al.</u>

In 2013, a putative class action asserting remarkably similar claims as those found in Plaintiff's complaint was filed in the San Diego Superior Court in the matter of *Duran v. Obesity Research Institute, LLC, et al.*, Case No. 37-2013-00048664-CU-BT-CRL ("*Duran*").  *See Duran* Complaint, Request for Judicial Notice ("RJN"), **Exhibit 1**.  That action purported to encompass all persons in the United States who purchased ORI's products, including Lipozene, after August 10, 2012 and asserted its allegations against ORI.  *Id.* at ¶¶ 19-20.

The claims in *Duran* were all predicated on allegations that putative class members had purchased Lipozene, though it was allegedly ineffective for weight loss.  *Id.* at ¶ 1.  Pursuant to the allegedly false advertisements, the plaintiff in *Duran* asserted five (5) causes of action: (1) violations of the CLRA, under Cal. Civ. Code § 1750; (2) unfair competition under Cal. Bus. & Prof. Code § 17200; (3) false advertising under Cal. Bus. & Prof. Code §17500; (4) breach of express warranty under California common law; and (5) breach of implied warranty under California common law.  *See generally id.*  These alleged violations were all based on nearly identical statements—made on Lipozene's packaging or in its advertising—as those attacked in Plaintiff's complaint, namely:

- "Safe and Effective"
- "78% of Each Pound Lost Was Pure Body Fat"
- "Can Help You Lose Weight Without a Change In Lifestyle."  *Id.* at ¶ 1.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-4-

1    After the *Duran* complaint was filed in May 2013, the plaintiff there served

2    its first set of discovery requests in June 2013, to which Defendant ORI provided

3    responses in July and September 2013.   *See* Declaration of Patrick J. Mulkern

4    ("Mulkern Decl."), ¶ 4.  ORI also produced documents in response to the discovery

5    requests.  *Id.*  On September 19, 2013, the *Duran* plaintiff even took Defendant

6    ORI's 30(b)(6) deposition.  *Id.*  In late September, 2013, Defendant ORI served its

7    first set of discovery, in response to which plaintiff produced documents on

8    October 11, 2013.  *Id.*  On October 15, 2013, named plaintiff Fred Duran was also

9    deposed, and Defendant ORI later made a document production.  *Id.*

10   In July 2013, plaintiff filed its Motion for Class Certification, and on

11   November 27, 2013, the parties filed their first Joint Motion for Preliminary

12   Settlement Approval.  *Id.* at ¶ 5.  On February 13, 2014 the parties filed their

13   second Joint Motion for settlement Approval and, in August 2014, the initial

14   Notice of Settlement was published.  In January 2015, the parties moved for Final

15   Settlement Approval, which the Superior Court approved in its March 2015 Final

16   Order.  *Id.*

17   The Court's Final Judgment approved a settlement agreement that released

18   all actions based on "the manufacturing, marketing, advertisement, sale, labeling,

19   substantiation of, statements regarding, contents of, studies regarding, adverting,

20   and/or efficacy of" Lipozene.  *See* Settlement Agreement, RJN at **Exhibit 2**, at

21   ¶¶5-14; Final Approval Order, RJN at **Exhibit 3**; Notice of Entry of Judgement,

22   RJN at **Exhibit 4**.  Shortly thereafter, however, objectors came forward and

23   appealed the settlement to the California Courts of Appeal.  *See Duran v. Obesity*

24   *Research Institute, LLC, et al.*, No. D067917, 2016 Cal. App. LEXIS 586 (Cal. Ct.

25   App. June 23, 2016).

26   After briefing and oral argument, the California Courts of Appeal reversed

27   the Superior Court's judgment and vacated the class settlement, effectively

28   remanding the action back to the trial court for further proceedings, including

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-5-

1    adjudication of the manner of notice to the class of a potential settlement and the

2    propriety of injunctive relief as part of any settlement.  *See* Order, RJN at **Exhibit**

3    **5**, at 3-4, 18, 26-27; *see also Duran*, 2016 Cal. App. LEXIS 586.  Therefore, the

4    *Duran* action now continues and is very much pending before the San Diego

5    Superior Court.

6         2.    *Fernandez v. Obesity Research Institute, LLC, et al.*

7         Another similar putative class action is currently pending in the Eastern

8    District of California in the matter of *Fernandez v. Obesity Research Institute,*

9    *LLC, et al.*, Case No. 2:13-cv-975-MCE-KJN ("*Fernandez*"), filed on May 16,

10   2013.  The proposed class in that case consists of individuals who purchased

11   Lipozene from August 10, 2012, and also asserts claims arising out of the

12   advertising of Lipozene against ORI, Continuity, and Messrs. Den Uijl and Corlett.

13   *Fernandez* Complaint, RJN at **Exhibit 6**, ¶ 120.

14        As above, the claims in *Fernandez* are all premised on the contention that

15   Lipozene is not an effective weight loss product because the statements and

16   representations made on the product's labeling and in its advertisements are false

17   and/or unsubstantiated by scientific evidence.  *See generally id.*  Accordingly, the

18   *Fernandez* plaintiff has asserted the following seven (7) claims against the

19   defendants, including ORI, there: (1) violation of the Magnusson-Moss Warranty

20   Act under 15 U.S.C. § 2301; (2) breach of express warranty; (3) breach of the

21   implied warranty of merchantability; (4) unjust enrichment; (5) violation of the

22   CLRA; (6) violation of California's unfair competition law; and (7) violation of

23   California's false advertising law.  *See id.*

24        In *Fernandez*, the parties have filed multiple motions, including a motion to

25   appoint class counsel, motion to transfer venue, motion to dismiss, and motion to

26   transfer venue—all of which have been reviewed, and some of which have already

27   been decided by Chief Judge England, the presiding district judge.  Specifically, as

28   to the stay motion, Chief Judge England has issued an order staying *Fernandez*

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-6-

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1   until the final disposition of *Duran* due to the overlapping nature of the claims in

2   the cases, the potential impact of the outcome and rulings on the claims in *Duran*

3   on those asserted in Fernandez, and ultimately, in the interest of judicial economy

4   and efficiency.  Memorandum and Order, RJN at **Exhibit 7**, at 12.  Specifically,

5   the Chief Judge's order granting the stay directs the parties to move to lift the stay

6   following the final resolution of *Duran*, and to re-file then-pending Motions to

7   Dismiss and to Appoint Class Counsel once the stay is lifted—if the parties choose

8   to do so.  *See* RJN at **Exhibit 7**, at 12.[1]

9   **C.      Summary of Pending Motions**

10          Plaintiff filed her complaint on March 29, 2016.  ECF No. 1.  Defendants

11   did not answer, and instead responded by filing a Motion to Dismiss for Failure to

12   State a Claim, or in the Alternative Motion to Transfer the Case on June 3, 2016.

13   ECF No. 21.  During the intervening period, Plaintiff also filed a Motion for

14   Preliminary Injunction and Order to Show Cause on May 19, 2016, (ECF No. 17),

15   to which Defendants filed an Opposition on June 13, 2016.  ECF No. 26.  Plaintiff

16   filed her reply on June 20, 2016.  ECF No. 27.  That motion is now fully briefed

17   and is pending disposition.

18          Notwithstanding the pending Motion to Dismiss, Plaintiff also filed its

19   Motion for Class Certification and to Appoint Class Counsel, on June 28, 2016.

20   ECF No. 28.  On June 11, 2016, Defendant filed an *Ex Parte* Application to Stay

21   ───────────────────────────
[1] The substantiation and efficacy claims underlying the claims in both *Duran* and

22   *Fernandez* are also central issues in the pending action captioned *Obesity Research
     Institute, LLC v. Fiber Research Institute Int'l, LLC*, Case No. 15-cv-595-BAS-

23   MDD (the "*FRI Case*"), initiated on March 16, 2015, and currently pending in this
     very same Court.  In that case, the defendant has counterclaimed for False

24   Advertising and Unfair Competition under the Lanham Act, and violations of the
     UCL and FAL, based on the alleged lack of substantiation for the advertised

25   efficacy claims of Lipozene, as well as alleged misrepresentations regarding
     Lipozene's content.  *See* First Amended Counterclaims, ECF No. 41.  Though the

26   parties have completed substantial pretrial preparations, the Court has recently
     vacated all pretrial dates, including the trial date previously set for September 13,

27   2016, pending resolution of a motion to dismiss.  *FRI Case*, ECF No. 298.  The
     *FRI Case* nonetheless also supports a stay of the instant action because the

28   adjudication of the substantiation issues there likely has a preclusive *res judicata*
     effect on the substantiation-based claims here.

Defendants' Memorandum of Points and Authorities ISO Motion to Stay,
or In the Alternative, Transfer Action          Case No. 3:16-cv-00733-BAS-MDD

1   Class Certification Proceedings, given the potentially dispositive nature of its

2   Motion to Dismiss.  ECF No. 31.  Despite Plaintiff's Opposition, (ECF No. 32),

3   the Court agreed and granted Defendants' *Ex Parte* Application and has since

4   stayed the class certification proceedings pending resolution of the motion to

5   dismiss, citing the interests of judicial economy for the stay.  *See* ECF No. 34.

6   Notably, despite her multiple other filings in this case, many of which confirm

7   Plaintiff's knowledge of the other pending and related parallel class actions,

8   Plaintiff has failed to file a notice of related cases as required by CivLR 40.1.f at

9   the outset.

### III.   ARGUMENT

10

**A.    A Stay Is Warranted in This Action**

11

12        1.    Pendency of a Related State Action Dictates a Stay of this Action

13        This case should be stayed pursuant to *Colorado River*, 424 U.S. at 818-19,

14   because a related state action exists that involves substantially similar issues.

15   Under the *Colorado River* doctrine, district courts may stay a federal action where

16   there is a concurrent state proceeding involving the same matter.  *See Moses H.*

17   *Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983).  The

18   Ninth Circuit, however, has only required "substantial similarity" between the state

19   and federal proceeding before applying *Colorado River*—"exact parallelism" is not

20   necessary.  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

21        To determine whether to stay a federal action in favor of a contemporaneous

22   state proceeding, district courts weigh the following factors: (1) the order in which

23   jurisdiction was obtained by the concurrent state and federal court forums; (2) the

24   desirability of avoiding piecemeal litigation; (3) whether state or federal law

25   provides the rule of decision on the merits; (4) whether the state proceeding is

26   adequate to protect the parties' rights; (5) the inconvenience of the federal forum;

27   and (6) whether a court has assumed jurisdiction over a *res*.  *See id.* at 1415 (citing

28   *Colorado River*, 424 U.S. at 818).  "These factors are to be applied in a pragmatic

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-8-

and flexible way, as part of a balancing process rather than as a mechanical checklist." *Id.* (internal quotations omitted).

   a. *Duran and the Present Action are "Substantially Similar"*

   The *Duran* matter is "substantially similar" to the present action because they both allege nearly identical allegations regarding the efficacy and safety of Defendant ORI's product, Lipozene.  There can be no argument that the earlier-filed state court action of *Duran* asserts consumer protection claims, based on alleged false advertising of Lipozene, on behalf of a class, against defendants that is nearly identical to that asserted here, by Plaintiff.

   Specifically, *Duran* alleges violations of the CLRA, California's UCL, California's FAL, and breaches of express and implied warranty under California common law, all predicated on the assertion that Lipozene is ineffective for weight loss despite advertisements to the contrary.  *See Duran* Complaint, RJN at **Exhibit 1**.  Here, Plaintiff has alleged the same violations—CLRA, California's UCL, California's FAL, and breaches of express and implied warranty based on the same conduct—allegedly false statements of efficacy on Lipozene's packaging and in its advertising.  *See generally* ECF No. 1.

   That the Plaintiff has also asserted a claim for declaratory judgment, as well as claims for intentional and negligent misrepresentation, is of no import to the *Colorado River* analysis.  *See, e.g.*, *El Centro Foods, Inc. v. Nazarian*, No. cv-09-6395, 2010 U.S. Dist. LEXIS 49745, at *6 (C.D. Cal. Apr. 21, 2010) (staying case based on *Colorado River*, even though different causes of action were asserted in the state and federal cases, because both involved a "logically connected nucleus of facts and raise[d] similar sets of substantive issues").  Instead, the analysis should focus on the "core issue" of Defendants' allegedly misleading statements, as that is what makes them "substantially similar."  *See Sabbag v. Cinnamon*, No. 10-cv-2735, 2010 U.S. Dist. LEXIS 131086, at *15 (N.D. Cal. 2010) (state and federal action substantially similar under *Colorado River* where "core issue" of allegedly

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-9-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1    misleading statements was "fully presented to the state court"); *see also Silvaco*

2    *Data Sys., Inc. v. Tech. Modeling Assocs., Inc.*, 896 F. Supp. 973, 975 (N.D. Cal.

3    1995) (holding claims in federal and state court actions were "substantially

4    similar," though not identical, where both were premised on the same allegedly

5    false advertisements).

6              b.    *The Duran Court First Acquired Jurisdiction*

7         Next, where the state court action was first-filed, *Colorado River* favors a

8    stay. *See Nakash*, 882 F.2d at 1415. Deciding whether to give priority to that first-

9    filed case is also determined by "how much progress has been made" in the

10   respective state and federal actions. *See Moses H. Cone*, 460 U.S. at 21; *see also*

11   *R.R. Street & Co., Inc. v. Transport Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011).

12        Here, the *Duran* matter was initiated in 2013, while the present action did

13   not commence until 2016. *Compare Duran* Complaint, RJN at **Exhibit 1** *with*

14   *Bozic* Complaint, ECF No. 1. Moreover, the *Duran* action has progressed

15   significantly further than the case at bar—almost to completion. *See generally*

16   RJN at **Exhibit 5**; Mulkern Decl., ¶¶ 4-5. Specifically, the *Duran* case has gone

17   through discovery—with each side exchanging discovery requests (including

18   requests for production, requests for admission, form interrogatories, and special

19   interrogatories), initial and supplemental discovery responses—and class

20   certification briefing. Mulkern Decl. at ¶¶ 4-5. Moreover, both the named plaintiff

21   and defendant's 30(b)(6) representative have each already been deposed in *Duran*.

22   *Id.* at ¶ 4. The *Duran* parties have also engaged in two rounds of settlement

23   agreements, had the approval of one, appellate review of that, and now subject to

24   further litigation consistent with the California Courts of Appeal's recent remand.

25   *Id.* at ¶ 5.

26        The present case, in contrast, is in its infancy—only one defendant

27   (Conversion Systems, LLC, who has since been dismissed from this action, ECF

28   No. 37) has filed an answer, all but two defendants have filed a motion to dismiss,

-10-

there has been no discovery, and there has been no class certification, for which all related proceedings are stayed.  *See generally* ECF No. 9, 21, 28, 34.

### c.   A Stay Will Help Avoid Piecemeal Litigation

The issuance of stay will also help avoid piecemeal litigation involving the Defendants with respect to ORI's Lipozene advertising claims.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  *Am. Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  Therefore, where pressing on with a federal action would result in the duplication of efforts currently being expended in the state court case, a stay is proper.  *See, e.g.*, *Coalition for Clean Air v. VWR Intern., LLC*, 922 F. Supp. 2d 1089, 1110 (E.D. Cal. 2013).

Piecemeal litigation is all but guaranteed here absent a stay, because *Duran* and the present case involve such overlapping classes, claims, and defendants.  At nearly every step of the proceeding, this Court would run the risk of issuing inconsistent rulings—including issues of class certification, discovery disputes, and dispositive motions.  Both the parties and the Court would be required to duplicate their efforts with respect to motion practice, including hearings.  A stay would alleviate these concerns and is therefore warranted.  *See Bushansky v. Armacost*, No. C 12-01597, 2012 U.S. Dist. LEXIS 112315, at *10-11 (N.D. Cal. Aug. 9, 2012) ("Here, there are special concerns about piecemeal litigation [warranting a stay] because the Delaware action is slightly procedurally advanced [and] it contains substantially similar parties and identical underlying issues— which could possibly lead to inconsistent results, and different results could potentially affect thousands of individuals due to the class nature of the Delaware action.").

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-11-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

d.    *State Law Provides the Primary Basis for a Decision on the Merits and Duran is Adequate to Protect the Plaintiff's Rights*

Finally, a stay in favor of the *Duran* state court proceeding is appropriate because of the predominance of state law-based claims in both actions.  Thus, the state court *Duran* case will adequately protect all parties' rights, further supporting the issuance of a stay.  The final prong of the *Colorado River* analysis looks to see what law—between state and federal—will govern the determinative issues.  *See City and Cnty. of San Francisco v. United States*, 930 F. Supp. 1348, 1352 (N.D. Cal. 1996).  Where state law predominates, and the federal action is to be stayed in favor of the state action, the state court proceedings will likely adequately protect the parties' rights and weighs in further favor of a stay.  *See Nakash*, 882 F.2d at 1415; *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992).

Here, nearly all of Plaintiff's claims are grounded in state law.  Eight of the nine causes of action in Plaintiff's complaint allege violations of either state statute or state common law, with much of those claims being nearly identical to those currently being resolved in *Duran*.  *See* ECF No. 1.  Moreover—the procedural, substantive, and standing defects of Plaintiff's declaratory judgment claim under the 2005 FTC Stipulated Judgment notwithstanding—the declaratory judgment claim (Count I) is immaterial to this analysis because it is merely a vehicle for asserting state law-based false advertising claims, as those false advertising claims form the predicate for the alleged violation of the Stipulated Judgment.  Thus, *Duran*'s resolution of the false advertising allegations will be dispositive of this dubious count, if it survives the motion to dismiss.

2.    <u>General Concerns of Judicial Economy Counsel a Stay</u>

This case should also be stayed pursuant to *Landis v. North American Co.* for reasons of judicial economy.  *See* 299 U.S. 248, 254 (1936); *see also Kaltwasser v. Cingular Wireless LLC*, No. C 07-00411, 2010 U.S. Dist. LEXIS

-12-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

78644, at *4 (N.D. Cal. June 21, 2010) ("The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket.").

The decision whether to grant a stay is committed to the "sound discretion" of the district court, and is based on weighing "the competing interests that will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). These interests include: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and question of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

### a. No Damage Will Result from Granting a Stay

First, there is no possible damage that will result from the issuance of a stay. Rather, a party who is merely required to "wait longer for resolution" of a claim fails to demonstrate sufficient damages or hardship to prevent a stay. *See Castelan v. Campbell*, No. 06-cv-1906, 2009 U.S. Dist. LEXIS 40482, at *3 (E.D. Cal. Apr. 28, 2009); *see also ASIS Internet Servs. v. Member Source Media, LLC*, No. C-08-1321, 2008 U.S. Dist. LEXIS 109241, at *7 (N.D. Cal. 2008) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)) (delay of suit "would result, at worst, in delay in monetary recovery").

Here, therefore, Plaintiff is without grounds to rebut a stay because even additional monetary damages that might be incurred by the putative class are insufficient grounds to deny such relief. *See Rounds v. Sisto*, No. 07-cv-1670, 2009 U.S. Dist. LEXIS 43015, at *2 (E.D. Cal. May 11, 2009) (granting stay where "only potential damage resulting from a stay" was that non-moving party "may have to wait longer for resolution"). Instead, any damages claimed to be

-13-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1   suffered by Plaintiff are outweighed by the resulting narrowing of issues that

2   would result before this court after the completion of the separate *Duran*

3   proceeding.  *See Negotiated Data Sol'ns, LLC v. Dell Inc.*, No. CV-03-5755, 2008

4   U.S. Dist. LEXIS 77229, at *5 (N.D. Cal. Sept. 16, 2008) ("because the scope of

5   the issues brought before this Court could potentially be much narrower after the

6   conclusion of the [alternate] proceeding, the Court finds that the possible damage

7   to [non-movant] does not militate against the granting of [movant's] request for a

8   stay").  Moreover, and in any event, Plaintiff and the proposed class cannot

9   feasibly claim any further damage because the only injury they claim is a past

10  harm – namely, purchasing Lipozene, which they have already done.  *See* ECF No.

11  1, ¶¶ 117, 126 (defining proposed class as "purchasers of Lipozene").

12         *b.    Defendants Will Suffer Significant Hardship If Required to Go Forward*

13

14         In contrast, without a stay of this action, Defendants will suffer significant

15  hardship in the form of duplicative proceedings if forced to proceed in two

16  different cases, to resolve the same issues.

17         First, incurring duplicate litigation costs is one factor weighing in favor of a

18  stay.  *See, e.g.*, *Christensen v. Cardtronics USA, Inc.*, No. 11-cv-0236, 2011 U.S.

19  Dist. LEXIS 42651, at *2 (S.D. Cal. Apr. 20, 2011) ("Defendants may suffer

20  hardship and inequity in the form of duplicative work absent a stay in this case.");

21  *see also Negotiated Data Sol'ns*, 2008 U.S. Dist. LEXIS 77229, at *6 (granting

22  stay, in part because of potential duplicative litigation costs).  Second, the

23  possibility of unnecessarily duplicative hearings or other court proceedings has

24  also been cited as one factor of hardship or damage that weighs in favor of a stay.

25  *See, e.g.*, *Valasquez v. Horel*, No. 06-cv-2618, 2009 U.S. Dist. LEXIS 69808, at *3

26  (E.D. Cal. July 28, 2009).  Third, duplicative or unnecessary discovery obligations

27  may also be a hardship that militates in favor of a stay.  *See, e.g.*, *FormFactor, Inc.*

28  *v. Micronics Japan Co., Ltd.*, No. cv-06-7159, 2008 U.S. Dist. LEXIS 13114, at

-14-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1   *7-9 (N.D. Cal. Feb. 11, 2008) (finding "sufficient hardship to justify a stay"

2   where duplicative discovery was likely); *see also Gong-Chun v. Aetna, Inc.*, No.

3   09-cv-1995, 2010 U.S. Dist. LEXIS 56938, at *12-13 (E.D. Cal. May 17, 2010)

4   ("clear case of hardship" where lack of stay would result in "inefficient or pointless

5   discovery").

6         Here, Defendants would be forced to pursue dual track litigation, with

7   *Duran* in one lane and the present case in another (and potentially, *Fernandez* on

8   yet another), if no stay is issued.  These duplicative actions, each attempting to

9   resolve the same issues, would subject the Defendants to substantial hardship in the

10  form of duplicative costs, unnecessary hearings, and pointless discovery—all of

11  which is a waste of resources.  This is not only a significant financial hardship on

12  the Defendants, it would also be a considerably inefficient use of the Court's

13  judicial resources.  All of these inefficiencies and waste can be easily avoided

14  through a stay.

15        *c.*   *Orderly Course of Justice Counsels in Favor of Stay to Simplify
16            Issues, Proof, and Questions of Law*

17        Finally, a stay is warranted because it will simplify issues before this Court.

18  Indeed, a "compelling reason for a stay is judicial economy and efficiency."

19  *Sequoia Forestkeeper v. United States Forest Servs.*, No. CV F 07-1690, 2008 U.S.

20  Dist. LEXIS 40922, at *14 (E.D. Cal. May 21, 2008).  For example, where issues

21  pending in a state or other proceeding will resolve or impact issues or a case in

22  federal court, a stay of that federal action is warranted under *Landis*' "orderly

23  course of justice" analysis.  *See Mediterranean Enters., Inc. v. Ssangyong Corp.*,

24  708 F.2d 1458, 1465 (9th Cir. 1983) (granting stay where factual and legal issues

25  overlapped).  This rule applies whether the alternative proceedings are judicial,

26  administrative, or arbitral, and "does not require that the issues in such proceedings

27  are necessarily controlling of the action before the court."  *Gong-Chun v. Aetna,*

28  *Inc.*, No. 09-cv-1995, 2010 U.S. Dist. LEXIS 56938, at *6-7 (E.D. Cal. May 17,

-15-

1   2010) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.

2   1979)).  Moreover, neither the parties nor the issues must be identical.  *Barapind v.*

3   *Reno*, 225 F.3d 1100, 1109 (9th Cir. 2009) (citing *Lecor, Inc. v. United States Dist.*

4   *Ct.*, 502 F.2d 104, 105 (9th Cir. 1974)).

5        As discussed above, *Duran* and the present action involve overlapping

6   putative classes, overlapping claims, and overlapping defendants.  All issues

7   decided in *Duran* with respect to the alleged false advertising of Lipozene will

8   necessarily impact the claims at bar.  It would therefore undoubtedly conserve

9   judicial resources to have *Duran* decided first and prevent this Court from

10  potentially issuing inconsistent rulings on identical issues.  *See, e.g.*, *Breault v.*

11  *Folino*, No. 5A CV 01-0826, 2002 U.S. Dist. LEXIS 25587, at *5-6 (C.D. Cal.

12  Mar. 15, 2002) (staying federal case in light of the potential conflict with pending

13  class actions).

14       Likewise, the doctrine of *res judicata* further supports a stay, in light of

15  judicial efficiency, because "a prior valid judgment operates as an absolute bar to a

16  second suit between the same parties or their privies based on the same cause of

17  action not only in respect of every matter actually litigated, but also as to every

18  ground or recovery or defense which might have been presented."  *Valerio v. Boise*

19  *Cascade Corp.*, 80 F.R.D. 626, 648 (N.D. Cal. 1978) (citing *Mirin v. Nevada ex*

20  *rel. Public Serv. Comm'n*, 547 F.2d 91, 94 (9th Cir. 1976)).  Once *Duran* is

21  concluded, there can be no argument that *res judicata* will apply to at least some

22  —if not all—of the claims in Plaintiff's complaint.  *See* Motion to Dismiss, ECF

23  No. 21-1, at 16-22.

24  **B.    Alternatively, the First-Filed Rule Counsels the Transfer of this Action**
    **to the E.D. Cal. for Consolidation with *Fernandez***

25

26       In the alternative, Defendants request this Court transfer the present action to

27  the Eastern District of California, where the prior-filed *Fernandez* putative class

28  action is currently pending and asserts nearly identical claims.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "While no precise rule has evolved, the general principle is to avoid duplicative litigation, and to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2009) (internal citations omitted). Indeed, "[t]he first-to-file rule was developed to serve the purposes of promoting efficiency . . . and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Courts analyze three factors when determining whether to dismiss a case pursuant to the first-to-file rule: "(1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues." *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, No. 06-cv-1848, 2006 U.S. Dist. LEXIS 85598, at *2 (S.D. Cal. Nov. 21, 2006).

Here, the present case should be transferred and consolidated with the *Fernandez* action because it involves nearly identical claims for breaches of warranty, unjust enrichment, and CLRA, UCL, and FAL violations—all of which arise out of the alleged statements and representations made on Lipozene's labeling and in its advertisements, and are asserted on behalf of overlapping proposed classes, and asserted against Defendants ORI, Continuity, and Messrs. den Uijl and Corlett, who are also defendants in this case. *See Fernandez* Complaint, RJN at **Exhibit 6**, at ¶¶ 10, 120, 167-68. Moreover, *Fernandez* is procedurally farther along, with multiple motions filed and reviewed by Chief Judge England, but deferred pending the final resolution of *Duran*. *See* Memorandum and Order, RJN at **Exhibit 7**, at 9-12. As Chief Judge England observed:

> In class actions, there is a race to final judgment because a final judgment will bind class members and the remaining classes will be barred by the doctrine of res judicata. John C. Coffee, Jr., Class Wars: The Dilemma of the Mass Tort Class Action, 95 Colum. L. Rev. 1343,

-17-

1370-73 (1995). Only the first set of lawyers to settle a case that affects a class will be awarded attorneys' fees; thus, Plaintiffs' attorneys and Duran's attorney share the same motivation. The Court does not pick sides; it will not issue an "extraordinary remedy" to ensure that one set of attorneys recover fees to the detriment of another set of attorneys.

. . .

Which attorneys are awarded fees is not a part of the Court's calculus in determining how to manage its docket.

*Id.* at 9-10.

Judicial efficiency and economy, and the similarity between this case and not only *Duran* but also *Fernandez*— both prior-filed actions—dictate the stay of this action in its entirety pending the final and full resolution of *Duran*. Alternatively, at the very least, the same considerations also warrant the transfer of this instant latter-filed action to the Eastern District of California for consolidation with *Fernandez*.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court stay the present pending the resolution of *Duran* in California state court, and in the interests of judicial economy.  In the alternative, Defendants respectfully request this Court transfer the present action to the Eastern District of California so that it may be consolidated with the presently stayed *Fernandez* action.

Respectfully submitted,

Dated:  July 27, 2016          GORDON & REES LLP

By: _____
        /s/ Hazel Mae B. Pangan

Richard P. Sybert
Hazel Mae B. Pangan
Patrick J. Mulkern
Attorneys for Defendants
Henny Den Uijl; Sandra Den Uijl;
Obesity Research Institute;
Continuity Products; National
Weight Loss Institute; Zodiac
Foundation; conversion Systems;
Innotrac Corporation

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1117996/29001914v.1

Defendants' Memorandum of Points and Authorities ISO Motion to Stay, or In the Alternative, Transfer Action          Case No. 3:16-cv-00733-BAS-MDD